IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE OFFICIAL STANFORD INVESTORS COMMITTEE; and PHILIP A. WILKINSON, and HORACIO MENDEZ, individually and on behalf of a class of all others similarly situated,<br><br>                           Plaintiffs,<br><br>      vs.<br><br>ADAMS AND REESE, LLP; JAMES AUSTIN; BREAZEALE, SACHSE & WILSON, LLP; CLAUDE REYNAUD; J.D. PERRY; REBECCA HAMRIC; MICHAEL CONTORNO; LOUIS FOURNET; JAY COMEAUX; CORDELL HAYMON; THOMAS FRAZER; ZACK PARRISH; DANIEL BOGAR; and JASON GREEN,<br><br>                           Defendants. | Case No. 3:11-cv-0329-N<br><br>**ORAL ARGUMENT REQUESTED** |

**OPPOSITION OF ADAMS AND REESE LLP AND JAMES AUSTIN TO PLAINTIFFS' MOTION TO DEFER RESOLUTION OF MOTIONS TO DISMISS, TO COMPEL RULE 26(f) CONFERENCE AND FOR ENTRY OF SCHEDULING ORDER, <u>AND TO CONSOLIDATE WITH RELATED ACTION FOR DISCOVERY PURPOSES</u>**

| | |
|---|---|
| **KELLY HART & HALLMAN LLP**<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102<br>Tel. (817) 878-3560<br>Fax (817) 878-9760 | **JOSEPH HAGE AARONSON LLC**<br>485 Lexington Avenue, 30th Floor<br>New York, New York 10017<br>Tel. (212) 407-1200<br>Fax (212) 407-1280 |

*Attorneys for Defendants Adams and Reese LLP and James Austin*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

BACKGROUND .......................................................................................................................3

ARGUMENT .............................................................................................................................5

    I.     THERE IS GOOD CAUSE TO DECIDE A&R'S MOTION TO
           DISMISS PRIOR TO COSTLY AND UNNECESSARY DISCOVERY ...........................................5

           A.     Discovery Is Unnecessary To Resolve the Dismissal Motion ..............................6

           B.     Plaintiffs Offer No Legitimate Reason to Defer Dismissal .................................9

    II.    CONSOLIDATION IS UNWARRANTED .................................................................................10

           A.     The Actions Are Not "Roughly at the Same Stage" and
                  Consolidation Would Result in Additional Cost and Delay ..............................10

           B.     Consolidation Is Unnecessary ............................................................................12

           C.     Consolidation Would Unfairly Prejudice A&R.................................................12

CONCLUSION........................................................................................................................14

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Alpert v. Riley*, Civ. A. No. H-04-CV-3774, 2008 WL 304742 (S.D. Tex. Jan. 31, 2008) .............8

*Arrieta v. Yellow Transp., Inc..*,
    Civ. A. No. 3:05-CV-2271-D, 2009 WL 90359 (N.D. Tex. Jan. 13, 2009) ..............12 n.11

*Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347 (5th Cir. 2011)......................................................6

*Calip v. Concentra Health Serv., Inc.*,
    Civ. No. 3:08-CV-2104-O, 2010 WL 637800 (N.D. Tex. Feb. 22, 2010) ....................9 n.7

*Chadbourne & Parke, LLP v. Troice*, 134 S. Ct. 1058 (2014) .......................................................5

*Corwin v. Marney, Orton Invs.*, 843 F.2d 194 (5th Cir. 1988) ........................................................6

*Duke Univ. v. Massey Energy Co.*,
    No. 1:08CV591, 2009 WL 4823361 (M.D.N.C. Dec. 9, 2009).....................................9 n.7

*Dupont v. S. Pac. Co.*, 366 F.2d 193 (5th Cir. 1966)......................................................... 12 & n.11

*Fenner Invs., Ltd. v. 3Com Corp.*,
    Civ. A. No. 6:08-CV-61, 2008 WL 4876816 (E.D. Tex. Nov. 12, 2008) ........................12

*FinServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662 (S.D. Tex. 2010)........... 7-8

*Flue-Cured Tobacco Coop. Stabilization Corp. v. U.S. EPA*,
    857 F. Supp. 1137 (M.D.N.C. 1994) ...........................................................................9 n.7

*Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811 (M.D.N.C. 1995).....................9 n.7

*Gate Guard Servs., LP v. Solis*,
    Civ. A. No. V-10-91, 2011 WL 2784447 (S.D. Tex. July 12, 2011)............................11 n.9

*Harris v. Bexar Cnty.*,
    Civ. A. No. SA-08-CV-728-XR, 2009 WL 4059092 (W.D. Tex. Nov. 23, 2009)............10

*Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709 (N.D. Ill. Mar. 2, 2012).......11 n.10

*In Re Enron Corp. Sec., Derivative & "ERISA" Litig.*, Civ. A. Nos. H-01-3624, H-04-0088,
    H-04-0087, H-03-5528, 2007 WL 446051 (S.D. Tex. Feb. 7, 2007) ........................12 n.11

*Landry v. Air Line Pilots Assoc. Int'l AFL-CIO*, 901 F.2d 404 (5th Cir. 1990) ........................ 2, 5

*Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663 (D. Minn. 2002) .................... 11 n.10

*Lexmark Int'l v. Static Control Components, Inc.*,
    No. 12-873,--- S. Ct. ---, 2014 WL 1168967 (U.S. Mar. 25, 2014) ...................................... 8

*Mills v. Beech Aircraft Corp.*, 886 F.2d 758 (5th Cir. 1989) ............................................. 10, 12 n.11

*Ortega v. Young Again Prods., Inc.*,
    Civ. A. No. H-12-0001, 2012 WL 1709714 (S.D. Tex. May 15, 2012) .............................. 7

*Roland v. Green*, 675 F.3d 503 (5th Cir. 2012) ................................................................. 5

*Slate v. Potter*, No. 1:04CV782, 2005 WL 2429877 (M.D.N.C. Sept. 29, 2005) ...................... 9 n.7

*St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*,
    712 F.2d 978 (5th Cir. 1983) .............................................................................. 10, 12 n.11

*Von Drake v. Nat'l Broad. Co., Inc.*,
    3:04-CV-0652R, 2004 WL 1144142 (N.D. Tex. May 20, 2004) ........................................ 5

*Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566 (11th Cir. 1992) ................ 11

*Washington v. Norton Mfg., Inc.*, 588 F.2d 441 (5th Cir. 1979) .......................................... 6

*Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991 (5th Cir. 1995) ......................................... 8 n.5

*White v. Callender*,
    Civ. A. No. 3:11-CV-2002-M, 2011 WL 6263256 (N.D. Tex. Nov. 16, 2011) ............ 8 n.5

*Whiteman v. Pitrie*, 220 F.2d 914 (5th Cir. 1955) ............................................................ 12 n.11

*Winstead v. Box*, 419 F. App'x 468 (5th Cir. 2011) ......................................................... 8 n.5

## Rules & Statutes

FED R. CIV. P. 23(c) ............................................................................................................ 11

## Other Authorities

9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
FEDERAL PRACTICE AND PROCEDURE § 2383 (3d ed. 2013) .............................................. 10 & n.8

Brian Baxter, *Adams and Reese Among Targets of Suits Filed by Stanford Plaintiffs*, THE AMLAW DAILY, Feb. 18, 2011 (available at http://amlawdaily.typepad.com /amlawdaily/2011/02/Stanford-adams-reese.html) .................................................................. 4 n.4

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.14 (2004) ....................................................... 11

Defendant Adams and Reese LLP and its partner James Austin (together, "**A&R**") respectfully submit this brief in opposition to Plaintiffs' motion (the "**Motion**") to (i) defer resolution of motions to dismiss, (ii) compel a Rule 26(f) conference and for entry of a scheduling order, and (iii) consolidate this action with *Janvey, et al. v. Adams & Reese LLP, et al.*, No. 3:12-CV-0495-N (N.D. Tex.) (the "**Receiver Action**") for discovery (ECF No. 98).[1]

## PRELIMINARY STATEMENT

Plaintiffs' Motion is the latest effort in a three-year campaign to dodge a decision on A&R's pending dismissal motion. In July 2011, Plaintiffs responded to A&R's original dismissal motion by amending their Complaint, adding hyperbole but no substance in response to A&R's arguments. (ECF Nos. 6 & 19). After A&R renewed its dismissal motion (the "**Dismissal Motion**") (ECF No. 23), Plaintiffs filed motions seeking a reprieve from any decision while the SIPC determined coverage questions, and later a complete stay of proceedings while the Fifth Circuit addressed the applicability of SLUSA. (ECF Nos. 27 & 35). The SLUSA issues have now been resolved, so Plaintiffs ask the Court, yet again, to "defer resolution" of the Dismissal Motion so that this case can be consolidated with the Receiver Action — from which A&R has been dismissed (Receiver Action ECF No. 58) — which is in the midst of costly discovery.

Despite precipitating a nearly three-year delay, Plaintiffs have the temerity to assert that *this Court* has been dilatory in issuing a Scheduling Order (Motion at 4), and that Plaintiffs will be prejudiced if they are not permitted immediate, consolidated discovery. Plaintiffs' Motion is meritless for three principal reasons:

---

[1] Docket entries from this action are abbreviated "ECF No.___." and docket entries in the 2012 Receiver Action are abbreviated "Receiver Action ECF No.___." Emphasis is added to, and internal citations, brackets and quotes are omitted from, quotations throughout this brief, unless otherwise indicated.

- **Good Cause Exists to Adjudicate the Dismissal Motion First.** A&R's Dismissal Motion is fully briefed and, if granted, would dispose of Plaintiffs' claims in their entirety. That would spare A&R the extensive and expensive discovery in process in the Receiver Action, from which A&R has been dismissed. Tellingly, Plaintiffs make no effort to challenge the strength of A&R's Dismissal Motion. Specifically, Plaintiffs have never disputed — and have therefore conceded — that all claims against A&R in this case are barred if Louisiana law applies (*see* ECF Nos. 45 & 77). Plaintiffs also ignore that this Court has already performed a detailed choice-of-law analysis in the Receiver Action and concluded that Louisiana law *does* govern and that all claims against A&R *are* barred. (Receiver Action ECF No. 58 at 18-23). As in the Receiver Action, application of Louisiana law in this action disposes of Plaintiffs' claims against A&R in their entirety. A&R's alternative defenses are equally meritorious and dispositive (*see* Section I(A)). Under Fifth Circuit precedent, good cause exists to decide the motion before requiring A&R's participation in costly and burdensome discovery. *See, e.g.*, *Landry v. Air Line Pilots Assoc. Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (stay of discovery appropriate where dismissal motion "might preclude the need for the discovery altogether thus saving time and expense").

- **Plaintiffs Offer No Sound Basis to Defer Adjudication until Summary Judgment.** Plaintiffs argue, without support, that this Court should "defer the legal arguments raised in the motions to dismiss . . . until summary judgment . . ." because "[i]t is not at all unusual for courts" to do so (Motion at 5). In every case cited by Plaintiffs, however, the Court *considered* and *decided* the defendant's motion to dismiss and, in that context, deferred certain issues for further factual development. Here, in stark contrast, Plaintiffs

2

ask that the Court completely *ignore* A&R's fully-briefed Dismissal Motion without analyzing whether further facts are needed (they are not). Plaintiffs cite no case endorsing the extraordinary relief they seek (*see* Section I(B)).

- **Consolidation Is Inappropriate.** Consolidation of this action with the Receiver Action is unwarranted. *First*, the two actions are at different stages of trial preparation. Dismissal motions have already been decided in the Receiver Action, which is now in discovery with a trial date set for later this year (Receiver Action ECF No. 66).[2] No discovery has been taken in this case and, if it survives dismissal motions, class certification discovery, briefing and hearing may be required. The different procedural postures of the two cases would inevitably interject additional cost and delay if consolidation were granted. *Second*, consolidation "for discovery purposes" advocated in Plaintiffs' Motion could easily be accomplished — without the need for formal consolidation — through a simple agreement that any discovery taken in the Receiver Action is available for use in both cases. *Third*, as noted, A&R would be uniquely prejudiced if required to participate in costly discovery in the Receiver Action, from which A&R has been dismissed. Each of these considerations militates against consolidation. (*See* Section II).

## BACKGROUND

Plaintiffs filed their Complaint on February 17, 2011. (ECF No. 1).[3] Despite

---

[2] There may be additional activity in the Receiver Action, but A&R has not been kept apprised of any developments in that case since its dismissal. Further, Plaintiffs' counsel in this action, who also represent plaintiffs in the Receiver Action, failed to notify A&R about this Motion — despite certifying to the contrary — in contravention of the mandatory requirement of Local Rule 7.1(a). *See* Motion at 2: "Certification of Conference."

[3] The Motion erroneously states that the action was filed on December 17, 2011. (Motion at 2).

3

aggressively touting accusations against A&R to the press,[4] Plaintiffs failed to serve the Complaint for more than three months, prompting the firm to voluntarily waive service in order to file a motion to dismiss on June 6, 2011 (ECF No. 6). Rather than respond, Plaintiffs amended their Complaint. Plaintiffs filed the operative First Amended Complaint ("**FAC**"), adding Mr. Austin as a defendant, on July 7, 2011. (ECF No. 19). A&R filed the pending Dismissal Motion two weeks later, on July 21, 2011, explaining that the FAC "does not remedy the fatal problems with the causes of action brought against A&R" and seeking dismissal with prejudice of all claims. (ECF No. 23 at 1).

Plaintiffs responded with request after request to delay disposition of the Dismissal Motion. On July 27, 2011, Plaintiffs sought a 78-day briefing extension while they waited to learn if the SIPC would cover a portion of investors' losses. (ECF No. 27). A&R opposed this extension, stressing that the legal issues were not affected by the SIPC's actions and urging that Plaintiffs should be required to "defend their allegations" that are "filled with hyperbole and accusations, which they hyped to the press, and which [are] so clearly defective." (ECF No. 28 at 1).

Plaintiffs next moved the Court to stay all proceedings pending the Fifth Circuit's review of this Court's decision in *Roland v. Green*, C.A. No. 3:10-cv-00224 (N.D. Tex. Aug. 31, 2011), on September 16, 2011. (ECF No. 35). A&R objected to further delay and pressed for a decision on the Dismissal Motion, explaining, *inter alia*:

> A law firm's most important asset is its reputation and the reputation of its lawyers. Plaintiffs have claimed that A&R and one of its partners committed fraud and participated in a massive Ponzi scheme. They have made their claims despite the lack of any factual allegations that anyone at A&R had any knowledge

---

[4] *See, e.g.*, Brian Baxter, *Adams and Reese Among Targets of Suits Filed by Stanford Plaintiffs*, THE AMLAW DAILY, Feb. 18, 2011 (available at http://amlawdaily.typepad.com /amlawdaily/2011/02/Stanford-adams-reese.html) (last visited April 7, 2014).

4

of the fraudulent scheme or did anything other than provide legal advice in specific areas where they were asked to do so.

(ECF No. 37 at 3).

On March 19, 2012, the Fifth Circuit issued an opinion in *Roland v. Green*, 675 F.3d 503 (5th Cir. 2012) (the "**Roland Decision**"). On March 30, 2012, this Court denied Plaintiffs' motion to stay as moot and ordered the parties to finish briefing all pending dismissal motions. (ECF No. 62). In the interest of judicial economy, the parties coordinated briefing schedules, and all defendants' motions were fully-briefed and submitted by September 2012. A *de facto* stay of the case — pending the Supreme Court's review of the Roland Decision — followed. On February 26, 2014, the Supreme Court affirmed the Roland Decision in *Chadbourne & Parke, LLP v. Troice*, 134 S. Ct. 1058 (2014). This case thus stands now in exactly the same posture it did when this Court ordered the parties to finish the briefing on all pending dismissal motions. A&R's Dismissal Motion is ripe for disposition, and Plaintiffs' attempts to elude decision should be rejected.

## ARGUMENT

I. **THERE IS GOOD CAUSE TO DECIDE A&R'S MOTION TO DISMISS PRIOR TO COSTLY AND UNNECESSARY DISCOVERY**

It is well-settled that when a dispositive motion contains substantial arguments that might preclude the need for discovery altogether, good cause exists to decide the motion prior to undertaking costly discovery. *See, e.g.*, *Von Drake v. Nat'l Broad. Co., Inc.*, 3:04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (collecting cases) (stay of discovery appropriate where "resolution of preliminary motion may dispose of entire action" and preclude the need for costly discovery); *Landry*, 901 F.2d at 436 (discovery stayed where the motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense.");

5

*Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988) (affirming stay of discovery while motion for summary judgment based on statute of limitations was pending, and holding that "[i]t would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach trial because of the expiration of limitations period"); *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 447 (5th Cir. 1979) (deferral of discovery was justified pending consideration of Rule 12(b)(6) motion).

Under these authorities, the Court should decide the Dismissal Motion before forcing A&R to undertake burdensome discovery. *See, e.g.*, *Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 354 (5th Cir. 2011) ("It is properly within the province for the district court to stay discovery pending resolution of dispositive motions, as the court has wide latitude to order proceedings in the interest of justice and judicial economy.").

### A. Discovery Is Unnecessary To Resolve the Dismissal Motion

Plaintiffs claim that the "vast majority" of defendants' arguments "revolve around inherently factual questions such as knowledge and causation" and, therefore, should be addressed "through summary judgment motions after discovery has been completed and the evidentiary record developed." (Motion at 4-5). Not correct. A&R seeks dismissal as a matter of law on purely legal grounds. (*See* ECF Nos. 23 & 79). Plaintiffs make no effort to address A&R's dismissal arguments or to articulate what discovery Plaintiffs claim they need in advance of a ruling on the dispositive legal grounds A&R has presented. The claims against A&R can, and should, be dismissed now.

**Louisiana Law Applies and Disposes of All Claims.** For example, in response to A&R's Dismissal Motion, Plaintiffs did *not* dispute that *all* claims in this action against A&R are foreclosed if Louisiana law applies. (ECF No. 23 at 12-17; ECF No. 79 at 2-3). Instead,

6

Plaintiffs argued that a choice-of-law analysis cannot be undertaken based on pleadings. (ECF No. 45 at 4-5; ECF No. 77 at 19-21). The Receiver made the same argument in the Receiver Action — that Louisiana law could not be decided on the face of the pleadings, or alternatively did not apply. The factual allegations against A&R in the two actions are identical. (*See* Motion at 7-8).

In the Receiver Action, this Court rejected these arguments, conducted a choice-of-law analysis based on the Complaint, and concluded that Louisiana law applied in dismissing the Receiver's Complaint against A&R:

> [T]he Court finds that, based on the facts as alleged in the complaint, Louisiana has the most significant relationship to the Receiver's claims against the Lawyer Defendants. All of the Receiver's allegations against the Lawyer Defendants involve Louisiana lawyers giving legal advice to — or failing to blow the whistle on — a Louisiana company. Accordingly, Louisiana has the most significant relationship to the Receiver's claims against the Lawyer Defendants.

(Receiver Action ECF No. 58 at 21; *see also id.* at 18-20).

The same analysis dictates dismissal of all claims against A&R here. No discovery is needed for the Court to address this dispositive issue.

**Texas Qualified Immunity Is Clear on the Face of the FAC.** Even assuming, *arguendo*, that Texas law applies (it does not), it is clear from the pleadings that the Texas rule of qualified immunity vitiates all of Plaintiffs' claims against A&R. (*See* ECF No. 23 at 17-19; ECF No. 79 at 3-5). Under the rule, "Texas courts have long held that attorneys are 'qualifiedly immune' and cannot be held civilly liable for damages to non-clients, under *any theory of recovery*, for actions in connection with representing a client." The rule of qualified immunity is routinely applied by Texas courts prior to any discovery where, as here, its application is clear from the allegations in the FAC. *See, e.g.*, *Ortega v. Young Again Prods., Inc.*, Civ. A. No. H-12-0001, 2012 WL 1709714, at *4-5 (S.D. Tex. May 15, 2012); *FinServ Cas. Corp. v. Settlement*

7

*Funding, LLC*, 724 F. Supp. 2d 662, 671-76 (S.D. Tex. 2010); *Alpert v. Riley*, Civ. A. No. H-04-CV-3774, 2008 WL 304742, at *14-18 (S.D. Tex. Jan. 31, 2008). This dispositive defense is evident from the face of the FAC. Plaintiffs offer no basis in their Motion to conclude that discovery is needed to address it.[5]

**Plaintiffs' Failure to Plead Causation Is Clear on the Face of the FAC.** As discussed in the Dismissal Motion, it is also clear on the face of the FAC that Plaintiffs have failed to plead proximate causation, under the law of either Louisiana or Texas. (*See* ECF No. 23 at 19-23; ECF No. 79 14-16). Plaintiffs' allegations are purely conclusory. Plaintiffs' unsupported argument that causation is an "inherently factual" question barring Rule 12(b)(6) dismissal (Motion at 4) is incorrect as a matter of law. *See, e.g.*, *Lexmark Int'l v. Static Control Components, Inc.*, No. 12-873,--- S. Ct. ---, 2014 WL 1168967, at *10 n.6 (U.S. Mar. 25, 2014) ("[L]ike any other element of a cause of action, [causation] must be adequately alleged at the pleading stage in order for the case to proceed. If a plaintiff's allegations, taken as true, are insufficient to establish proximate causation, then the complaint must be dismissed . . . .").

**A&R's Other Dispositive Arguments Are Clear on the Face of the FAC.** Plaintiffs articulate no reason why additional discovery is necessary for the Court to rule on any of A&R's other basis for dismissal, including: (1) failure to state a claim under the Texas Securities Act

---

[5] Texas courts routinely rule that a defense of qualified immunity is a threshold issue that should be decided in advance of costly and burdensome discovery. *See, e.g.*, *Winstead v. Box*, 419 F. App'x 468, 469 (5th Cir. 2011) ("One of the reasons for qualified immunity is to protect a defendant from the burdens of discovery when the plaintiff has not filed an adequate claim. Therefore, we have held that discovery must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.") (emphasis in original); *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (same); *White v. Callender*, Civ. A. No. 3:11-CV-2002-M, 2011 WL 6263256, at *5 (N.D. Tex. Nov. 16, 2011) ("Generally, a plaintiff may not obtain discovery against a party asserting qualified immunity until the Court first finds that the pleadings assert facts sufficient to overcome the qualified immunity defense.").

8

(ECF No. 23 at 23-29; ECF No. 79 at 5-12), (2) failure to state a claim of aiding and abetting and conspiracy under Texas law (ECF No. 23 at 29-32; ECF No. 79 at 12-16), and (3) failure to meet the heightened pleading standards of Rule 9(b). (*See* ECF No. 23 at 32-34; ECF No. 79 at 16-17). There is nothing "inherently factual" about any of these dispositive legal defenses. They can and should be addressed and decided without discovery.[6]

### B. Plaintiffs Offer No Legitimate Reason to Defer Dismissal

Plaintiffs' Motion offers no support for deferring consideration of the Dismissal Motions until summary judgment.

*First*, while plaintiffs contend that "[i]t is not at all unusual for courts to defer rulings on motions to dismiss until the summary judgment stage," *all* of Plaintiffs' cases involved situations where the court, *after analyzing the grounds for dismissal*, concluded that the record needed additional development. (Motion at 5).[7] Plaintiffs cite no case deferring resolution of a dispositive legal issue raised on a 12(b)(6) motion on the grounds that Plaintiffs simply want to stave off dismissal.

*Second*, Plaintiffs' claim that deferring the resolution of the dismissal motions is warranted to avoid "prejudice[]" and "continued delay" (Motion at 6) is simply not credible. As

---

[6] As evidenced by the cases cited in A&R's Dismissal Motion, courts routinely dismiss claims on each of these grounds based on the pleadings. (*See* ECF No. 23 at 23-32; ECF No. 79 at 5-13). In fact, A&R's Rule 9(b) motion by definition *only applies to the face of the pleadings*. *See* FED. R. CIV. P. 9 (titled "Pleading Special Matters").

[7] *Calip v. Concentra Health Serv., Inc.*, Civ. No. 3:08-CV-2104-O, 2010 WL 637800, at *3 (N.D. Tex. Feb. 22, 2010) (upon consideration of a dismissal motion, the court concluded the record needed further development to be addressed at summary judgment stage); *Duke Univ. v. Massey Energy Co.*, No. 1:08CV591, 2009 WL 4823361, at *2 (M.D.N.C. Dec. 9, 2009) (same); *Slate v. Potter*, No. 1:04CV782, 2005 WL 2429877, at *1-2 (M.D.N.C. Sept. 29, 2005) (same); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813, 820 (M.D.N.C. 1995) (dismissing several claims on a dismissal motion and deferring others to be addressed on summary judgment); *Flue-Cured Tobacco Coop. Stabilization Corp. v. U.S. EPA*, 857 F. Supp. 1137, 1145 (M.D.N.C. 1994) (same).

discussed, it was *Plaintiffs* who consistently advocated for delay in this case, while A&R has sought a ruling on its Dismissal Motion for almost three years.

## II.   CONSOLIDATION IS UNWARRANTED

The moving party bears the burden of proof on a motion to consolidate. 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (3d ed. 2013). While consolidation is permissive and lies within the sound discretion of the Court,[8] certain considerations frequently militate against it application. Prominent among these is the consideration that, when the suits are at different stages of trial preparation, consolidation would interject unnecessary cost and delay, and where consolidation could prejudice the rights of the parties involved. *See, e.g.*, *Harris v. Bexar Cnty.*, Civ. A. No. SA-08-CV-728-XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989); *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Assn'n of New Orleans, Inc.*, 712 F.2d 978, 989-90 (5th Cir. 1983). Plaintiffs' Motion summarily concludes that the factors "are satisfied here" (Motion at 9) by conveniently ignoring critical facts.

### A.   The Actions Are Not "Roughly at the Same Stage" and Consolidation Would Result in Additional Cost and Delay

This action and the Receiver Action are not at "roughly the same stage." (Motion at 10). Dismissal motions in the Receiver Action have already been decided, a Scheduling Order was entered over 6 months ago, discovery is underway, and a trial date is set for October of this year. (Receiver Action ECF Nos. 58 & 66). By comparison, the only substantive events to occur in this case have been the filing of the Complaint, the FAC, and dismissal motions. Plaintiffs

---

[8]   9A WRIGHT & MILLER, *supra* p. 10, § 2383 ("[I]t is for the . . . court to weigh the saving of time and effort that consolidation . . . would produce against any inconvenience, delay or expense that it would cause . . . .").

simply gloss over these differences.[9]

Plaintiffs also ignore that extensive class certification discovery, briefing, and a hearing on Rule 23 prerequisites may be necessary if this action continues beyond the pending dismissal motions. *See* FED. R. CIV. P. 23(c) (class certification decision required "[a]t an early practicable time after a person sues . . . as a class representative"). Moreover, it is sound policy in complex cases to address any class certification discovery in advance of potentially irrelevant merits discovery. *See* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.14 (2004) ("in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden"); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992) (courts may allow discovery on certification issues and postpone discovery on the merits to make early class determination practicable and to best serve the ends of fairness and efficiency).[10] The claims alleged by putative class members are fraught with individualized issues, rendering certification inappropriate. If the case continues, A&R would press for any necessary class certification discovery and disposition to be addressed and decided first, before costly merits discovery. Notably, *none* of Plaintiffs' cases support consolidation of a class action — where certification has not been addressed as required under Fed. R. Civ. P. 23(c)(1)(A) —

---

[9] *Compare with Gate Guard Servs., LP v. Solis*, Civ. A. No. V-10-91, 2011 WL 2784447, at *15 (S.D. Tex. July 12, 2011) (Motion at 10) (consolidation granted where "both cases are proceeding under identical scheduling orders and have identical deadlines for filing expert reports, concluding discovery, and filing motions, and both cases are set for trial in April 2012").

[10] *See also Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012) (bifurcating class and merits discovery because the latter could delay class certification briefing and "[a]ny delay would frustrate the court's effort to certify the action as a class action [a]t an early practicable time, as is mandated by Rule 23(c)(1)(A)."); *Larson v. Burlington N. & Santa Fe Ry. Co.*, 210 F.R.D. 663, 666 (D. Minn. 2002) (holding that bifurcation of class and merits discovery was necessary in the interest of efficiency and economy, because, *inter alia*, the proposed class was "fraught with factual distinctions which could render certification problematic").

11

with a non-class action.[11]

### B.  Consolidation Is Unnecessary

Plaintiffs "request[s] that the matters be consolidated" only "for discovery purposes" because the underlying factual allegations are identical in both actions (Motion at 7). Formal consolidation, however, is unnecessary. There is no reason why any discovery taken in the Receiver Action could not be used in both actions without formal consolidation, subject to the parties' rights in this action to take appropriate discovery should the case progress beyond dismissal. *See, e.g.*, *Fenner Invs., Ltd. v. 3Com Corp.*, Civ. A. No. 6:08-CV-61, 2008 WL 4876816, at *3 (E.D. Tex. Nov. 12, 2008) ("To the extent that the Defendants in the two actions will be engaging in the same discovery for their respective cases, those discovery efforts can be coordinated by the parties whether or not those actions are formally consolidated.").

### C.  Consolidation Would Unfairly Prejudice A&R

A&R would also be uniquely prejudiced by being thrown back into the Receiver Action — from which it has already been dismissed — and forced to undertake unnecessary and costly discovery prior to a determination on its clear cut Dismissal Motion. *Dupont*, 366 F.2d at 196 ("in resorting to the use of Rule 42(a) the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the right s of the parties are not prejudiced by the order

---

[11]  In fact, nearly all of Plaintiffs' authority concludes that consolidation is *not* warranted where the cases are at different stages, or where consolidation could prejudice a party. *See Mills*, 886 F.2d at 762 (Motion at 8) (denying consolidation where "cases are at different stages of preparedness for trial"); *Arrieta v. Yellow Transp., Inc.*., Civ. A. No. 3:05-CV-2271-D, 2009 WL 90359, at *1 (N.D. Tex. Jan. 13, 2009) (Motion at 8) (same); *St. Bernard General Hosp., Inc.*, 712 F.2d at 990 (Motion at 9) (same); *In Re Enron Corp. Sec., Derivative & "ERISA" Litig.*, Civ. A. Nos. H-01-3624, H-04-0088, H-04-0087, H-03-5528, 2007 WL 446051, at *8 (S.D. Tex. Feb. 7, 2007) (Motion at 9) (same); *Whiteman v. Pitrie*, 220 F.2d 914, 918 (5th Cir. 1955) (Motion at 9) (affirming denial of consolidation which could prejudice a party); *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195-96 (5th Cir. 1966) (Motion at 9) (reversing district court's consolidation order because, among other things, it would not serve to expedite matters and would prejudice the parties.)

of consolidation under the facts and circumstances of the particular case"). A&R is not a party in the Receiver Action, so there are no overlapping factual allegations against A&R in both actions that render A&R's participation in the Receiver Action necessary. (*See* Receiver Action ECF No.101 n.1) ("By this Second Amended Complaint, Plaintiffs are not attempting to prosecute any new claims against Defendants Adams & Reese, LLP, Robert Schmidt or James Austin, as Plaintiffs' claims against those Defendants were dismissed by Order dated September 11, 2013 [Docket No. 58].").

The most Plaintiffs can muster with respect to A&R's participation in the Receiver Action is that "its lawyers are still fact witnesses . . . because Reynaud and Haymon have asserted as defenses in the Receiver Case that they relied on the advice of counsel namely A&R." (Motion at 8). Whether or not A&R lawyers are subpoenaed as third parties for depositions in the Receiver Action is pure speculation. In any event, there is a world of difference between having to potentially sit for an isolated deposition or two, and being forced to undertake full-blown document, written and deposition discovery in an action from which A&R has already been dismissed.

## **CONCLUSION**

For these reasons, it is respectfully requested that the Court deny Plaintiffs' Motion.[12]

Dated: April 10, 2014

Respectfully submitted,

| **KELLY HART & HALLMAN LLP** | **JOSEPH HAGE AARONSON LLC** |
|---|---|
| By: *s/ David E. Keltner* | By: *s/ Gregory P. Joseph* |
| David E. Keltner | Gregory P. Joseph |
| (david.keltner@kellyhart.com) | (gjoseph@jhany.com) |
| Bar No. 11249500 | Douglas J. Pepe (dpepe@jhany.com) |
| 201 Main Street, Suite 2500 | Sandra M. Lipsman (slipsman@jhany.com) |
| Fort Worth, TX 76102 | Jeffrey H. Zaiger (jzaiger@ jhany.com) |
| Tel. (817) 878-3560 | Courtney A. Solomon (csolomon@ jhany.com) |
| Fax (817) 878-9760 | (*Admitted pro hac vice*) |
| | 485 Lexington Avenue, 30th Floor |
| | New York, New York 10017 |
| | Tel. (212) 407-1200 |
| | Fax (212) 407-1280 |

*Attorneys for Defendants Adams and Reese LLP and James Austin*

742507

---

[12] A&R adopts the arguments made by co-defendants in their respective opposition briefs to the extent they are relevant.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 10, 2014, a true copy of the foregoing Opposition of Adams and Reese LLP and James Austin to Plaintiffs' Motion to Defer Resolution of Motions to Dismiss, to Compel Rule 26(f) Conference and for Entry of Scheduling Order, and to Consolidate With Related Action for Discovery Purposes was filed electronically with the Clerk of Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.



                                                         */s/ Jeffrey H. Zaiger*