# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| THE OFFICIAL STANFORD INVESTORS COMMITTEE; and PHILIP A. WILKINSON, and HORACIO MENDEZ, individually and on behalf of a class or classes of all others similarly situated, <br> *Plaintiffs,* <br><br> v. <br><br> ADAMS & REESE, LLP; BREAZEALE, SACHSE & WILSON, LLP; ROBERT SCHMIDT; JAMES AUSTIN; CLAUDE F. REYNAUD, JR.; CORDELL HAYMON; THOMAS FRAZER <br> *Defendants.* | § § § § § § § § § § § § § § § § | NO. 3:11-cv-00329-N <br> ORAL ARGUMENT REQUESTED |

---

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S JOINT RESPONSE TO PLAINTIFFS' MOTION TO DEFER RESOLUTION OF MOTIONS TO DISMISS, TO COMPEL RULE 26(f) CONFERENCE AND FOR ENTRY OF SCHEDULING ORDER, AND TO CONSOLIDATE WITH RELATED ACTION FOR DISCOVERY PURPOSES**

---

Thomas A. Culpepper
State Bar No.  05215650
Stephen C. Richman
State Bar No. 24074952

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street – 25th Floor
Dallas, Texas 75201

**Counsel for Defendant**
**Breazeale, Sachse & Wilson, LLP**

William D. Cobb, Jr.
State Bar No.  04444150
Carrie Johnson Phaneuf
State Bar No.  24003790

COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201

Bruce McKenna
Admitted *Pro Hac Vice*

MCKENNA & PRESCOTT, PLLC
5801 E. 41st Street, Suite 501
Tulsa, Oklahoma 74135

**Counsel for**
**Defendant Claude F. Reynaud, Jr.**

April 10, 2014

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ........................................................................................................................ 1

PROCEDURAL HISTORY.......................................................................................................... 2

      A.    The Class Suit ............................................................................................................. 2
      B.    The Receiver Suit........................................................................................................ 3

ARGUMENT & AUTHORITIES ................................................................................................ 4

      C.    Defendants' Motions To Dismiss Are Fully Briefed And Deferral To
           Summary Judgment Will Only Burden Defendants With Costly And
           Unnecessary Discovery................................................................................................ 4
      D.    Motions To Dismiss The Class Action Are Pending And Discovery
           Should Not Be Commenced Until The Motions Are Decided ............................. 7
      E.    The Court Should Decline To Consolidate Discovery In The Class and
           Receiver Actions......................................................................................................... 8
      F.    Consolidation Would Impermissibly Allow For Merits Consideration In
           The Class Action When Only Certification Issues Are Properly Under
           Consideration ............................................................................................................. 10
      G.    Proper Consideration Of The FRCP 42 Factors Compels The Conclusion
           That Consolidation Would Be Improper................................................................. 14

CONCLUSION............................................................................................................................. 20

# TABLE OF AUTHORITIES

## Cases

*Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221 (5th Cir. 2009) .......................... 12

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ..................................................... 11

*Calip v. Concentra Health Serv., Inc.*, Civil No. 3:08-cv-2104-O, 2010 WL 637800
(N.D. Tex.  Feb. 22, 2010) ........................................................................................ 6

*Crutcher-Tufts Resources, Inc. v. Tufts,* 992 So. 2d 1091 (La. App. 4th Cir. 2008) .................... 5

*Duke Univ. v. Massey Energy Co.*, No. 1:08CV591, 2009 WL 4823361
(M.D.N.C. Dec. 9, 2009) ........................................................................................... 6

*Dupont v. Southern Pac. Co.,* 366 F.2d 193 (5th Cir. 1966) .......................................... 8

*Ferrer v. Chevron Corp.*, 484 F.3d 776 (5th Cir. 2007) ........................................ 4, 7, 10

*Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463 (N.D.N.Y. 1977) ................................... 16

*Flue-Cured Tobacco Coop. Stabilization Corp. v. United States Envtl. Prot. Agency*,
857 F. Supp. 1137 (M.D.N.C. 1994) ............................................................................ 6

*Folding Cartons, Inc. v. American Can Co.,* 79 F.R.D. 698 (N.D.Ill.1978) ............................... 14

*Food Lion, Inc. v. Capital Cities/ABC, Inc.,* 877 F. Supp. 811 (M.D.N.C. 1995)....................... 6

*Garcia v. Gloor,* 618 F.2d 264 (5th Cir. 1980)..................................................................... 11

*Gariety v. Grant Thornton, LLP,* 368 F.2d 356 (4th Cir. 2004) ........................................... 11, 12

*General Tel. Co. v. Falcon*, 457 U.S. 147 (1982)..................................................................... 11

*Gines v. D.R. Horton, Inc.,* 669 F.3d 812 (5th Cir. 2012) ............................................... 4

*Guidry v. Bank of LaPlace,* 661 So. 2d 1052 (La. App. 4th Cir. 1995)......................................... 5

*Haynsworth v. The Corporation*, 121 F.3d 956 (5th Cir. 1997) ............................................. 7

*In re Dearborn Marine Svc., Inc.*, 499 F.2d 263 (5th Cir. 1974)........................................ 8

*In re Initial Public Offerings Securities Litigation,* 471 F.3d 24 (2d Cir. 2006) .......................... 11

*In re New Motor Vehicles, etc.,* 522 F.3d 6 (1st Cir. 2008)................................................. 13, 17

*Ingenito v. Bermec Corp.,* 376 F. Supp. 1154 (S.D.N.Y. 1974)................................................. 13

1996006v5
02986-479

*Int'l Paving Systems, Inc. v. Van-Tulco, Inc.,* 806 F. Supp. 17 (E.D.N.Y. 1992)...........................9

*Janvey v. Democratic Senatorial Campaign Committee,* 712 F.2d 185 (5th Cir. 2013).............17

*Kastner v. Lawrence,* 390 Fed. Appx. 311 (5th Cir. 2010) ...........................................................7

*Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841 (5th Cir. 2000)........................................4

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404 (5th Cir. 1990),
cert. denied, 498 U.S. 895 (1990) ................................................................................................5

*Madison v. Chalmette Ref., LLC*, 637 F.3d 551 (5th Cir. 2011)....................................................11

*Mays v. Liberty Mut. Ins. Co.*, 35 F.R.D. 234 (E.D. Pa. 1964)......................................................9

*Nash v. City of Oakwood,* 90 F.R.D. 633 (S.D. Ohio 1981)..........................................................14

*Newton v. Merrill Lynch, Pierce, Fenner & Smith,* 259 F.3d 154 (3d Cir. 2001) .......................12

*Parker Rust Proof Co. v. Detrex Corp.,* 14 F.R.D. 173 (E.D. Mich. 1953) ..................................8

*Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560 (D.N.M. 1994)..................8

*Simon v. Merrill Lynch, Pierce, Fenner & Smith,* 482 F.2d 880 (5th Cir. 1973) ..................13, 14

*Slate v. Potter*, No 1:04CV782, 2005 WL 2429877 (M.D.N.C. Sept. 29, 2005) ..........................6

*Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.,* 720 F. Supp. 805 (N.D. Cal. 1989)..............9

*St. Bernard Gen. Hosp., Inc. v. Hosp. Svc. Ass'n, Inc.,* 712 F.2d 978 (5th Cir. 1983) .................9

*Teachers' Retirement System of Louisiana v. Hunter,* 477 F.3d 162 (4th Cir. 2007)....................4

*Unger v. Amedysis, Inc.*, 401 F.3d 316 (5th Cir. 2005) ...............................................................13

*Von Drake v. Nat'l Broad. Co., Inc.,* 3:04-cv-0652R, 2004 WL 1144142
(N.D. Tex. May 20, 2004)...................................................................................................4, 5, 7

*Walter E. Heller & Co. v. Tuscarora Cotton Mill,* 1974 WL 168879 (M.D. N.C.) .....................16

*Whiteman v. Pitrie,* 220 F.2d 914 (5th Cir. 1955) ........................................................................8

## Rules

FED. R. CIV. P. 23 ...............................................................................................................11, 12, 13

FED. R. CIV. P. 32(A) (8)...................................................................................................................19

FED. R. CIV. P. 42 ................................................................................................................8, 9, 14, 16

COMES NOW Defendants Breazeale, Sachse & Wilson, LLP ("**BSW**") and Claude F. Reynaud, Jr. ("**Reynaud**") (collectively "**Defendants**") and file this their *Joint Response to Plaintiffs' Motion to Defer Resolution of Motions to Dismiss, to Compel Rule 26(f) Conference and for Entry of Scheduling Order, and to Consolidate with Related Action for Discovery Purposes* and would respectfully show the Court as follows:

## INTRODUCTION

Plaintiffs ask this Court to deny Defendants the protections afforded them by the Federal Rules of Civil Procedure and permit this action to proceed to general discovery despite the fact that the grounds for dismissal raised in Defendants' motions to dismiss [Docs. 68 & 71] do ***not*** depend on a development of the facts.  As this Joint Response will show, proceeding to general discovery will ***not*** affect whether Plaintiffs state a claim upon which relief can be granted.  There is simply no reason to defer ruling on Defendants' motions until summary judgment, except to burden Defendants with costly and potentially unnecessary discovery.

Plaintiffs further ask this Court to disrupt ongoing discovery in a separately filed action, Civil Action No. 3:12-CV-00495-B; *Ralph S. Janvey, in his capacity as court-appointed receiver for the Stanford Receivership Estate, et al. v. Adams & Reese, LLP, et al.*; in the United States District Court for the Northern District of Texas (the "**Receiver Suit**" or "**Receiver Action**"), by consolidating it with this action, (the "**Class Suit**" or "**Class Action**"), for purposes of general discovery.  Not only have Defendants engaged in substantial written discovery in the Receiver Suit over the past four (4) months, but that discovery has concentrated on defeating the few claims which survived the Court's September 11, 2013 dismissal order.

In addition, the Class Suit and the Receiver Suit involve a myriad of different parties and counsel, who have not been afforded the opportunity to participate in the afore-referenced discovery as well as substantially different damages models.  The Class Suit will also involve

1

class certification discovery, something which will not factor into the Receiver Suit.   As the Court can see, these issues make the consolidation of general discovery particularly unworkable.

## PROCEDURAL HISTORY

### A.   The Class Suit

Defendant Breazeale, Sachse & Wilson, LLP, a Louisiana law firm, and one of its partners, Claude F. Reynaud, Jr., are sued for their alleged participation in the Stanford Ponzi scheme.   Plaintiffs are The Official Stanford Investors Committee (the "**Committee**") and Philip A. Wilkinson and Horacio Mendez, individually and on behalf of a class or classes of all others similarly situated (the "**Investors**").

Plaintiffs filed the Class Suit against Defendants on February 17, 2011, not December 17, 2011, as alleged in Plaintiffs' Motion.   The Committee asserts three (3) claims against Defendants: (1) a fraudulent transfer claim (First Amended Complaint or "**FAC**" ¶¶ 172-77); (2) an alternative unjust enrichment claim (*Id.* at ¶¶ 178-80); and (3) an alternative money had and received claim (*Id.* at ¶¶ 181).   The Committee dropped its breach of fiduciary duty claim against Mr. Reynaud on April 13, 2012.

The Investors assert four (4) claims against Defendants: (1) aiding and abetting breach of fiduciary duty (*Id.* at ¶¶ 199-200); (2) aiding and abetting violations of the Texas Securities Act (*Id.* at ¶¶ 201-211); (3) aiding and abetting a fraudulent scheme (*Id.* at ¶ 212); and (4) civil conspiracy (*Id.* at ¶¶ 213-215).   The Investors further assert a respondeat superior claim against BSW for Mr. Reynaud's allegedly wrongful conduct.   (*Id.* at ¶ 216).

In response to these claims, Defendants filed motions to dismiss.   These motions have been pending for almost a year and a half because they raised a statutory defense that required appeal to the United States Supreme Court - not to deny Plaintiffs a "just" and "speedy"

2

resolution, as suggested by Plaintiffs.   Now that the SLUSA issue has been resolved, Defendants' motions are ripe for decision.

**B.      The Receiver Suit**

Less than a year after filing the Class Suit, Ralph S. Janvey, in his capacity as court-appointed receiver for the Stanford Receivership Estate (the "**Receiver**"), and The Official Stanford Investors Committee (the "**Committee**") filed another lawsuit against Defendants for their alleged participation in the Stanford Ponzi scheme (the "**Receiver Suit**").   However, unlike in the Class Suit, neither the Receiver nor the Committee asserts any claw-back claims against Defendants.      Rather, the Receiver and the Committee allege legal malpractice and director/officer liability claims against Defendants.

On September 11, 2013, the Court dismissed the Receiver's legal malpractice claims. The Court also dismissed a number of director/officer liability claims asserted against Mr. Reynaud.   At this time, the only remaining claims in the Receiver Suit with respect to Defendants are breach of fiduciary duty against Mr. Reynaud and respondeat superior against BSW for Mr. Reynaud's conduct as a director of Stanford Trust Company (Louisiana) ("**STC**"). The Receiver Suit is currently set for trial on October 27, 2014.

In early November 2013, the parties to the Receiver Suit filed a joint report and scheduling order, and began discovery.   As mentioned above, Defendants have already engaged in substantial written discovery, including a visit to the Receiver's warehouse in Houston, Texas to review 200+ boxes of documents collected from STC and a request of specific electronic searches for the Receiver's "Ringtail database" to locate responsive documents.[1]   The parties are also scheduled to begin oral discovery.   This discovery has focused on defeating the few claims

---

[1] A second visit is currently scheduled for April 14, 2014 to review an additional 60+ boxes of documents.

which survived the Court's dismissal order.  The Receiver has also noticed two (2) depositions for April 22 and 23.

## ARGUMENT & AUTHORITIES

### C.    Defendants' Motions To Dismiss Are Fully Briefed And Deferral To Summary Judgment Will Only Burden Defendants With Costly And Unnecessary Discovery

There is limited Fifth Circuit case law regarding the test for when a district court can or should defer its ruling on a fully briefed motion to dismiss until summary judgment.  The cases cited in Plaintiffs' motion merely confirm that the decision falls within the broad discretion afforded trial courts regarding issues of discovery.  *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000).  Defendants agree.  The issue of deferral, however, has been addressed by the United States Court of Appeal for the Fourth Circuit and by the United States District Court for the Northern District of Texas.  *See Teachers' Retirement System of Louisiana v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007); *see Von Drake v. Nat'l Broad. Co., Inc.*, 3:04-cv-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004).

In *Hunter*, an investor-driven class action securities lawsuit, the Fourth Circuit discussed when, if ever, it would be appropriate for a district court to defer ruling on a Rule 12(b)(6) motion to dismiss until summary judgment or trial.  *Id.* at 170.  The court found that such a motion should only be deferred when the grounds raised for dismissal are dependent on a development of the facts.  *Id.*  If the complaint still fails to satisfy Rule 12(b)(6), in spite of the district court's obligation to take, as true, all well-pleaded facts, the district should not hesitate in ordering dismissal.  *Id.*; *see Gines v. D.R. Horton, Inc.*, 669 F.3d 812, 816 (5th Cir. 2012).[2]

---

[2]  As this Court mentioned in its September 11, 2013 dismissal order in the Receiver Suit, "a court does not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'"  *Ralph S. Janvey, et al. v. Adams & Reese, LLP, et al.*, Civil Action No. 3:12-cv-00495-N-BL [Doc. 58] (N.D. Tex. Sept. 11, 2013) (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776 (5th Cir. 2007)).

4

In *Von Drake*, the Northern District granted the defendants' motion for a temporary stay of discovery so that it could rule on the pending motion to dismiss. *Von Drake*, 2004 WL 1144142, at *1. The court held that "[a] stay of discovery may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Id.* at *1 (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990), *cert. denied*, 498 U.S. 895 (1990)). The court further held that discovery should be stayed where the defendants have "substantial arguments for dismissal of many, if not all, of plaintiff's claims" and a temporary delay will not "substantially or unduly delay the litigation." *id.* at *2.

Here, Defendants move to dismiss Plaintiffs' claims on a variety of legal grounds, including that various claims do not exist under either Texas or Louisiana law and/or various claims fail to state a claim upon which relief can be granted. [Docs. 68 &71]. The Court's September 11, 2013 dismissal order in the Receiver Suit suggests that the Court will likely apply Louisiana substantive law to the Class Suit. In regards to the Investors' claims, Louisiana does not recognize the Texas Securities Act causes of action. Louisiana also does not recognize a cause of action for aiding and abetting a breach of fiduciary duty absent a conspiracy. *See Guidry v. Bank of LaPlace*, 661 So. 2d 1052, 1058 (La. App. 4th Cir. 1995) ("liability cannot be imposed under Louisiana law for aiding and abetting in the absence of a conspiracy"). Louisiana further does not recognize a cause of action for conspiracy. *Crutcher-Tufts Resources, Inc. v. Tufts*, 992 So. 2d 1091, 1094 (La. App. 4th Cir. 2008). Rather, the case law characterizes conspiracy as "the tort which the conspirators agreed to perpetrate and which they actually commit in whole or in part that constitutes the actionable elements of a claim." *Id.* Because

1996006v5
02986-479

Plaintiffs do not plead a conspiracy as part of their aiding and abetting claim, and conspiracy does not exist as an independent claim, dismissal of both is required.

Moreover, the cases cited by Plaintiff do not justify wholesale deferral of Defendants' motions and involve many distinguishing facts:

- In *Calip*, the court deferred ruling on a single aspect of defendants' motion to dismiss because the court required additional briefing on which statute of limitation applied to the case. The defendants, who argued in favor of a two (2) year statute of limitations, failed to file a reply after the plaintiff suggested that a four (4) year statute applied to his claims. *See Calip v. Concentra Health Serv., Inc.*, Civil No. 3:08-cv-2104-O, 2010 WL 637800, at *1 (N.D. Tex. Feb. 22, 2010).

- In *Flue-Cured*, the court ordered a partial deferral on the grounds that the plaintiff's fifth amendment due process claim required further development of the factual record. The remaining grounds for dismissal were considered and denied. *Flue-Cured Tobacco Coop. Stabilization Corp. v. United States Envtl. Prot. Agency*, 857 F. Supp. 1137, 1145 (M.D.N.C. 1994).

- In *Potter*, a magistrate opinion, the court granted the defendants' motion to dismiss on some grounds, but deferred it on others – again not a wholesale deferral. The defendants also moved, in the alternative, for summary judgment – something which did not happen in this action. The court also did not adequately explain the basis for its deferral. *See Slate v. Potter*, No 1:04CV782, 2005 WL 2429877 (M.D.N.C. Sept. 29, 2005).

- In *Food Lion*, the court granted the defendant's motion to dismiss on five (5) counts, denied it on four (4) counts, and deferred it on four (4) counts, but does not state the basis for deferral. *See Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 877 F. Supp. 811, 820 (M.D.N.C. 1995).

- In *Duke*, another magistrate opinion, the court denied a motion to dismiss on personal jurisdiction grounds and deferred a separate motion to dismiss, but did not state the basis. *See Duke Univ. v. Massey Energy Co.,* No. 1:08CV591, 2009 WL 4823361, at *1 (M.D.N.C. Dec. 9, 2009).

Finally, Plaintiffs do not even describe the discovery they believe they need that would justify the Court deferring a ruling on Defendants' motions. Absent from their motion is any discussion of the facts Plaintiffs hope to obtain if Defendants' motions are deferred until summary judgment and general discovery is permitted.

As the Court can see, whether Defendants will prevail on these arguments does not depend on a further examination of the facts. Discovery will not make Louisiana recognize the Texas Securities Act or the independent claim of conspiracy. Nor will a temporary delay to allow the Court to decide Defendants' motions to dismiss "substantially or unduly delay the litigation." *Von Drake*, 2004 WL 1144142, at *2. It will merely serve to afford Defendants the protections to which they are entitled under the Federal Rules.

**D.     Motions To Dismiss The Class Action Are Pending And Discovery Should Not Be Commenced Until The Motions Are Decided**

The generally accepted rule is that while motions to dismiss are pending, discovery into the merits should be held in abeyance. *See, e.g., Ferrer*, 484 F.3d at 782 (discovery not permitted pending decision on motion to dismiss because the issue relates to the sufficiency of the pleading not the potential evidence related to success on the merits); *Haynsworth v. The Corporation*, 121 F.3d 956, 970 (5th Cir. 1997) (rejecting the plaintiffs' argument that the district court erred in dismissing complaint without permitting additional discovery); *Kastner v. Lawrence*, 390 Fed. Appx. 311, 316 (5th Cir. 2010) (no abuse of discretion in denying discovery despite assertion that discovery would lead to probative evidence).

In the light of the foregoing general rule, because Defendants' 12(b)(6) motions, which address all theories of recovery alleged in the Class Action remain pending, to consolidate discovery at this time would be improper because all discovery in the Class Action is premature. To conduct discovery into all issues flies in the face of the purpose of the Motions to Dismiss to limit the nature and extent of the requested relief and to eliminate legal and factual issues purportedly raised by the FAC. [Doc. 19]. Moreover, Plaintiffs should not be permitted to do an "end run" on the foregoing rules by asking this Court, as they have, [Doc. 98], to hold Defendants' Motions to Dismiss in abeyance until the summary judgment process has begun.

That request, if granted, would likewise require Defendants to participate in extensive and expensive discovery into issues that may not survive a Rule 12(b)(6) ruling. That conclusion may be particularly apt in light of this Court's previous rulings in the Receiver Action that severely reduced the scope of that case by eliminating all but the claims against Defendants, such as Mr. Reynaud, who are alleged to have breached fiduciary duties in their capacities as directors of STC.

**E.      The Court Should Decline To Consolidate Discovery In The Class and Receiver Actions**

FRCP 42 consolidation "is by its own terms permissive." *Whiteman v. Pitrie*, 220 F.2d 914, 917-18 (5th Cir. 1955); *see also Parker Rust Proof Co. v. Detrex Corp.*, 14 F.R.D. 173, 174 (E.D. Mich. 1953). The burden falls on the party seeking consolidation to establish its propriety. *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). FRCP 42(a) vests in the district courts broad discretion in considering requests for consolidation. *See, e.g.*, *In re Dearborn Marine Svc., Inc.*, 499 F.2d 263, 270 - 71 (5th Cir. 1974). FRCP 42(a), however, requires that the trial judge be "most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by order of consolidation under the facts and circumstances of the particular case." *Dupont v. Southern Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966). In deciding whether to grant a motion to consolidate, the Court should initially determine that the cases to be consolidated "'involv[e] a common question of law or fact.' ... If the cases involve a common question of law or fact, the Court should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Id*. (internal citations omitted) (consolidation denied based on plaintiff's failure to meet its burden). In *St. Bernard Gen. Hosp., Inc. v. Hosp. Svc. Ass'n, Inc.*,

712 F.2d 978 (5th Cir. 1983), the Fifth Circuit affirmed the district court's refusal to consolidate cases that were at different procedural stages. The Fifth Circuit stated:

> Consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay. … Consolidation is improper if it would prejudice the rights of the parties. …

*Id*. at 989.

"To determine whether to consolidate, a court weighs the interest of judicial convenience against potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc*., 720 F. Supp. 805, 807 (N.D. Cal.1989).  If confusion or prejudice outweighs considerations of efficiency, consolidation should not be ordered.  *Int'l Paving Systems, Inc. v. Van-Tulco, Inc*., 806 F. Supp. 17, 22 (E.D.N.Y. 1992). *See also St. Bernard Gen. Hosp., Inc. v. Hosp. Svc. Ass'n, Inc*., 712 F.2d 978, 989 (5th Cir. 1983) "Consolidation is improper if it would prejudice the rights of the parties.").  The "possible elimination of unnecessary costs, delay, and needless duplication of trials which involve common question of law or fact, … are subject to overriding limitation that consolidation will be reasonable and not prejudicial to rights of any party." *Mays v. Liberty Mut. Ins. Co*., 35 F.R.D. 234, 235 (E.D. Pa. 1964).

In the present matter, Plaintiffs have failed meet their burden to establish that consolidation would serve the purpose of FRCP 42(a) to avoid unnecessary cost and delay.  First, Plaintiffs' Motion fails to explain what consolidation means under circumstances where a class action is proposed to be consolidated with a non-class action and parties to each case are different from the parties in both cases.  Second, the Motion fails to identify what parts of discovery are being proposed for consolidation because, although certain depositions would clearly be applicable to both the Class Action and the Receiver Action, others would not—

especially those that relate only to class certification issues.  Third, Plaintiffs' Motion fails to account for the confusion and potential prejudice that will result from attempting to conduct simultaneous merits discovery in two discrete cases in which the legal and factual issues—not the allegations alone—are very different.[3]  It is not enough to pay mere lip service to the similarity of the allegations of fact because, standing alone, such a statement does not take into account the different issues that must be addressed. Fourth, Plaintiff's Motion, if granted, would result not only in simultaneous merits discovery in the Class and Receiver Actions, it would also require the parties to engage in class certification discovery at the same time.  That is not only improper, and potentially prejudicial to Defendants, it flies in the face of discovery rules regulating the means by which certification and merits considerations are to remain separate. *See* Part D, *infra*.  Although the Rule focuses on the potential costs savings, the courts have superimposed the overriding limitation that consolidation improper if it is unreasonable under the circumstances or would be prejudicial to a party. Here, both limitations are present.  It is unreasonable to conduct discovery as Plaintiffs have proposed and doing so would be prejudicial. Fifth, Plaintiffs' Motion provides no insight or argument as to why it makes sense to consolidate.

Accordingly, Plaintiffs' request to consolidate the Class and Receiver Actions should be summarily denied.

## F.     Consolidation Would Impermissibly Allow For Merits Consideration In The Class Action When Only Certification Issues Are Properly Under Consideration

In assessing the propriety of the consolidation of discovery as requested by Plaintiffs, the class action allegations raise special concerns.  Class action certification raises procedural, not

---

[3] Class certification is the elephant in the room because that process cannot involve full merits discovery and must, therefore, occur prior to merits discovery. As to the merits, as the two cases are currently postured, the theories of recovery are numerous in the Class Action whereas there is only one remaining theory of recovery and it relates solely to Reynaud's activities as a director of Stanford Trust and the claim that BSW should be vicariously responsible therefor. In contrast, as pleaded the Class Action involves numerous theories of recovery, some of which appear to implicate the laws of foreign nations. *See* note 4, *infra*.

substantive, issues.  *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir. 1980) ("Whether a class should

be certified depends entirely on whether the proposal satisfies the requirements of FRCP 23.").

"Class certification hearings 'should not be mini-trials on the merits of the class or individual

claims ….'" *Madison v. Chalmette Ref., LLC*, 637 F.3d 551, 555 (5th Cir. 2011).  *See also In re*

*Initial Public Offerings Securities Litigation*, 471 F.3d 24, 42 (2d Cir. 2006) ("a district judge

should not assess any aspect of the merits unrelated to a Rule 23 requirement; and … a district

judge has ample discretion to circumscribe both the extent of discovery concerning Rule 23

requirements and the extent of a hearing to determine whether such requirements are met in

order to assure that a class certification motion does not become a pretext for a partial trial of the

merits").  The Supreme Court has stated that the class certification process requires a "rigorous

analysis," *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982), and a "close look," *Amchem*

*Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997), because "[i]f it were appropriate for a court

simply to accept the allegations of a complaint at face value in making class action findings,

every complaint asserting the requirements of Rule 23(a) and (b) would automatically lead to a

certification order, frustrating the district court's responsibilities for taking a 'close look' at

relevant matters, for conducting a 'rigorous analysis' of such matters, and for making 'findings'

that the requirements of Rule 23 have been satisfied." *Gariety v. Grant Thornton, LLP*, 368 F.2d

356, 365 (4th Cir. 2004).  As part of that process, however, the court is entitled to go behind the

pleadings to "understand the claims, defenses, relevant facts, and applicable substantive law

in order to make a meaningful determination of the certification issues." *Madison v. Chalmette*

*Ref., LLC*, 637 F.3d 551, 555 (5th Cir. 2011).  Nevertheless, if findings that are made in the

certification process overlap findings that will ultimately have to be made in connection with the

merits, "such overlap is only coincidental." *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 229 (5th Cir. 2009).

What emerges from the foregoing is that because certification cannot be determined from the pleadings alone, there is a need for discovery as to class certification issues.  That discovery cannot, however, be conducted simultaneously with full discovery into the merits because case law compels the conclusion that Defendants should not be forced to engage in merits discovery unless and until the class has been certified. This is not a case in which it can be assumed that the dollar amount of all putative class members' claims is small.  *See, e.g., Newton v. Merrill Lynch, Pierce, Fenner & Smith*, 259 F.3d 154, 167 (3d Cir. 2001) ("granting certification may generate unwarranted pressure to settle nonmeritorious or marginal claims").   To do as Plaintiffs ask impermissibly blurs the lines between certification and merits and ignores the limitation on merits discovery at the class certification stage. "[A]n *evaluation of the merits to determine the strength of plaintiffs' case is not part of a Rule 23 analysis*, the factors spelled out in Rule 23 must be addressed through findings, even if they overlap with issues on the merits."  *Gariety v. Grant Thornton, LLP,* 368 F.3d 356, 366 (4th Cir. 2004) (emphasis supplied).  When a district court properly considers an issue overlapping the merits in the course of determining whether a Rule 23 requirement is met, it does not do so in order to predict which party will prevail on the merits.  Rather, the court is called on to determine whether the alleged claims can be properly resolved as a class action.  As the Advisory Committee Notes explain:

> Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to *conduct controlled discovery into the "merits*," limited to those aspects relevant to making the certification decision on an informed basis. Active judicial supervision may be required to achieve the most effective balance that expedites an informed certification

determination without forcing an artificial and ultimately wasteful division between "certification discovery" and "merits discovery."

FRCP 23, Advisory Committee Notes (2003) (emphasis supplied).  *See also In re New Motor Vehicles,* etc., 522 F.3d 6, 24 (1st Cir. 2008)  (citing to and quoting from *Unger v. Amedysis, Inc.,* 401 F.3d 316 (5th Cir. 2005)) ("The Second, Fourth, Fifth, and Seventh Circuits coalesce around the more rigorous end of this spectrum, forbidding district courts from relying on plaintiffs' allegations of sufficiently common proof and requiring the courts to make specific findings that each Rule 23 criterion is met.").  In the final analysis, "[i]f there is no realistic means of proof, many resources will be wasted setting up a trial that plaintiffs cannot win."  *In re New Motor Vehicles*, 522 F.3d at 29.

In the present case, the consolidation of discovery between a class action and a non-class action presents the very real risk that merits discovery in the Class Action will, as a practical matter, taint the certification process and result in the merits being considered as part of the certification proceeding. That is particularly true where, as here, there are strong indications that recovery by the class may depend on proof of alleged oral misrepresentations. [Doc. 19 at ¶s 50, 187, 189, 190, 191, 194, 208, 211].  As to the merits, that is improper.  *Ingenito v. Bermec Corp.,* 376 F. Supp. 1154, 1168 (S.D.N.Y. 1974) (individual variations in the representations give rise to "the view that oral misrepresentations and omissions are not suited for class treatment ….").  In so stating, the *Ingenito* Court cited to the Fifth Circuit decision in *Simon v. Merrill Lynch, Pierce, Fenner & Smith*, 482 F.2d 880 (5th Cir. 1973). In *Simon*, the Fifth Circuit stated:

> If there is any material variation in the representations made or in the degrees of reliance thereupon, a fraud case may be unsuited for treatment as a class action. … Thus, courts usually hold that an action based substantially, as here, on oral rather than written misrepresentations cannot be maintained as a class action. ... Similarly, if the writings contain material variations, emanate from several sources, or do not actually reach the subject investors, they are no more valid a basis for a class action than dissimilar oral representations.

13

*Id.* at 882 (internal citations omitted).   The First Amended Complaint is likewise replete with broad-based allegations about promotional materials that were supposedly misleading but it fails to include any information about potential variations, how the written materials might be inconsistent with statements made to investors, which Stanford entity was responsible for the creation of the materials, and whether investors actually ever received the material. It is not enough for Plaintiffs to avoid the legal dichotomy regarding discovery by attempting to characterize the representations as standard or typical.   The foregoing establishes the need for discovery into the class certification issues separate and apart from full discovery on the merits.

The foregoing is related to the principle that, although class certification discovery must "assure that all relevant data necessary for the fashioning of an informed decision" are brought before the court, *Folding Cartons, Inc. v. American Can Co.*, 79 F.R.D. 698, 700 (N.D.Ill.1978), precertification discovery must protect defendants from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas."  *Nash v. City of Oakwood*, 90 F.R.D. 633, 636 (S.D. Ohio 1981).   The present request for consolidation pointedly presents (i) the very real likelihood that discovery will necessarily involve certification issues in the Class Action with simultaneous discovery on the merits in both the Class Action and the Receiver Action and (ii) the potential that merits considerations might improperly affect the certification proceedings.   That is improper under the circumstances present here and Plaintiffs' Motion should be denied.

## G.   Proper Consideration Of The FRCP 42 Factors Compels The Conclusion That Consolidation Would Be Improper

To consolidate discovery would be inconsistent with FRCP 42.  In the Receiver Action, the only remaining theory of recovery against Mr. Reynaud is for the alleged breach of fiduciary duty while he was an outside director of STC.  The only remaining theory of recovery against

BSW is respondeat superior for Mr. Reynaud's alleged conduct. That stands in stark contrast to the currently asserted theories of recovery in the Class Action asserted by (i) the Official Stanford Investors Committee based on disgorgement of CD proceeds based on alleged fraudulent transfers, disgorgement of CD proceeds based on alleged unjust enrichment; restitution based on money had and received; and (ii) by Class Plaintiffs based on aiding and abetting breach of fiduciary duties; aiding and abetting violations of the Texas Securities Act; aiding and abetting or participating in a fraudulent scheme; civil conspiracy. (FAC); [Doc. 19].[4] As noted above, each identified theory of recovery is subject to pending dismissal motions. If only for that reason, Plaintiffs' requests for deferral and consolidation are utterly inconsistent. If Plaintiffs are concerned about reducing expenditures of both time and costs, it makes far more sense to defer any consideration of consolidation until after the dismissal motions have been decided because if theories of recovery have been eliminated that will necessarily reduce the scope of discovery.[5]

Just as the theories of recovery and the different facts applicable to each of the two cases is diverse, there is an equally disparate set of affirmative defenses due to the inherent greater complexity of the issues presented in the Class Action as compared to those presented in the Receiver Action. In that regard, it is certainly premature to order the requested consolidation because the nature and extent of the overlap between the two cases cannot be determined based on the pleadings alone. As such, consolidation for discovery purposes will do little, if anything, to facilitate disposition of the entirety of the two cases. Indeed, "the mere fact that two cases assert similar theories of recovery does not constitute a common question of law so as to warrant

---

[4] In the Receiver Action, BSW is alleged to be responsible for Mr. Reynaud's alleged misconduct only under a theory of respondeat superior.

[5] Of course, it would not eliminate the conflict that arises between attempting to conduct simultaneous class certification and merits discovery. *See* note 1, *supra*.

consolidation." *Flintkote Co. v. Allis-Chalmers Corp.*, 73 F.R.D. 463, 465 (N.D.N.Y. 1977)

(*citing Walter E. Heller & Co. v. Tuscarora Cotton Mill*, 1974 WL 168879 (M.D. N.C.)). In

*Walter E. Heller & Co. v. Tuscarora Cotton Mill*, 1974 WL 168879 (M.D.N.C.), the trial court

made the following comment in denying consolidation:

> I cannot conclude that identical legal theories constitute a common question of
> law. I have conducted a fairly thorough search and have been unable to find a case
> wherein consolidation has been ordered solely on the basis of identical legal
> theories …. Although consolidation is an appealing result in these cases, to allow
> consolidation solely on the basis of identical legal theories could lead to
> unmanageable lawsuits.

*Id.* at *1.  To consolidate the Receiver action and the Class Action for discovery purposes would

make the litigation matters unmanageable.  It is likely for that reason that counsel has been

unable to locate a single reported matter in which a case pleaded as a putative class action was

consolidated with a case not so pleaded.

Plaintiffs' arguments boil down to the following assertion in their Motion:

> As discussed above, here the factors strongly favor consolidation under Rule
> 42(a).  Both the Class Case and the instant Receiver case are pending before this
> Honorable Court and involve some identical parties (OSIC, BSW and Reynaud)
> and identical witnesses (including A&R and BSW lawyers).  Both suits involve
> identical questions of fact; there is no risk of confusion; consolidation will
> conserve judicial resources and reduce the time and cost of handling the cases
> separately and the litigation is roughly at the same stage in both cases.

[Doc. 98 at p. 10].[6]  Plaintiffs' conclusion, however, is not supported by the pleadings or the case

law, as set forth herein.  Plaintiff's arguments are supported by mere references to "boilerplate"

statements found in cases decided under FRCP 42.  Indeed, Plaintiffs' specific reference to the

standards to be applied to their Motion is set forth in their Motion as follows:

> Factors for the district court to consider in deciding if consolidation is appropriate
> include (1) whether the actions are pending before the same court, (2) whether
> common parties are involved in the cases, (3) whether there are common

---

[6] Plaintiffs in the Receiver Action have asserted an identical argument in that case.  Receiver Action; [Doc. 98 at
pp. 5-6].

> questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.

*Id.* at p. 9.

As to the first factor, clearly the cases are pending in the same court but, under the circumstance, this factor is of little, if any, importance because of the MDL Order.  To find that the mere pendency of the two cases in the same court weighs in favor of consolidation ignores the fact that the substantive issues are not nearly as similar as what Plaintiffs conclude.

As to the second factor, Plaintiffs are correct that there are indeed certain common parties but the different procedural stages at which the two cases find themselves must be taken into account because, at this time, no one knows the outcome of the pending Motions to Dismiss filed in the Class Action.  Likewise, no one knows the outcome of class certification.  Moreover, there are parties in the Class Action that are not parties in the Receiver Action, and vice-versa.  That consideration, standing alone, will make consolidation a managerial nightmare.  In addition, the Class Action is far more complicated than the receiver Action due to the procedural hurdles that must be overcome for Plaintiffs to obtain relief and the clear difference between the potential recovery and standards for calculating damages, if any, in the two cases.  Indeed, the Fifth Circuit, in *Janvey v. Democratic Senatorial Campaign Committee*, 712 F.2d 185 (5th Cir. 2013), has specifically stated:

> [A] federal equity receiver [such as Janvey] has standing to assert only the claims of the entities in receivership, and not the claims of the entities' investor-creditors, but the knowledge and effects of the fraud of the principal of a Ponzi scheme in making fraudulent conveyances of the funds of the corporations under his evil coercion are not imputed to his captive corporations.

*Id.* at 190.

17

As to the third factor, there appear to be common allegations of wrongdoing but that does not necessarily lead to the conclusion that there are common questions of fact. As noted above, the very nature of the differences between the theories of recovery in the two cases compels the conclusion that the questions of fact raised by the Second Amended Complaint in the Receiver Action, [Doc. 101], pale in comparison to the nature of the fact issues currently raised by the First Amended Complaint in the Class Action.   Moreover, as noted, common theories of recovery, to the extent that there is one alleged against Mr. Reynaud, do not equate to common questions of law.   In fact, whatever common questions of law may arise under the breach of fiduciary claim asserted in each case against Mr. Reynaud likewise pale in comparison to the almost unimaginably broad questions of law that permeate the Class Action.

As to the fourth factor, issues of prejudice and confusion are not mere potentialities, they are absolute certainties.   The prejudice relates to (a) the cost associated with simultaneously undertaking and defending against discovery related to class certification and merits issues, (b) conducting broad - based merits discovery, even though doing so is directly at odds with Fifth Circuit precedent, even before there has been any consideration given to class certification, (c) the very real possibility that discovery will be undertaken into theories of recovery that may be dismissed, and (d) the likelihood that discovery disputes will arise, due to the complexity of attempting to simultaneously manage two discrete litigation matters, thus resulting in a waste of the resources of the parties and the Court.   The confusion relates to (a) the management concerns, expressed above, (b) the overlapping allegations that do not necessarily apply with equal force in each case due to the different theories and measures of recovery in the two cases, and (c) the fact that each case raises different legal issues, some of which may be pure legal

1996006v5
02986-479

issues but some of which, depending on this Court's decisions on Defendants' pending Motions to Dismiss, are at the very least mixed issues of fact and law.

The flip side of the fourth factor relates to the inconsistent adjudications following trial. Although the language used to describe the factor is not on its face applicable, inconsistent adjudications is highly unlikely due considerations related to judicial estoppel that would likely result in the consistent decisions on related or similar issues. As such, this factor does not, as it might in the typical case, weigh in favor of consolidation.

As to the fifth factor, consolidation will not conserve resources so as to reduce the time and cost of separate trials. Again, this consideration is not, as written, specifically applicable because consolidation is sought only as to discovery. What is clear, however, is that the two cases could never be tried together, thus minimizing the urgency to conduct discovery together. Comparing the benefit of consolidation against the benefit of separate proceedings, the scales tip in favor of allowing discovery to proceed separately. Although there is a certain appeal to deposing each witness only one time, Plaintiffs' Motion draws no distinction between class certification depositions and merits depositions although it would seem that merits issues witnesses would likely have little knowledge of certification issues and vice versa. In addition, consolidation may not be necessary to achieve Plaintiffs' goal because FRCP 32(a) (8), assuming that its requirements can ultimately be met, allows for the use of a deposition taken in one case to be used in a later case. As such, the cost of separate proceedings does not significantly exceed the cost of consolidated discovery and the risk of so proceeding far outweighs the benefit. Contrary to what Plaintiffs urge, the factors do not weigh in favor of consolidation.

1996006v5
02986-479

Finally, if the Court consolidates discovery, the scheduling order and trial date in the Receiver Action will be unworkable.  All deadlines will need to be sufficiently extended to allow the parties in the Class Action to complete class certification discovery.

## CONCLUSION

Based on the foregoing arguments and authorities, Defendants Breazeale, Sachse & Wilson, LLP and Claude F. Reynaud, Jr. request that this Court deny Plaintiffs' Motion to Defer and to Consolidate or hold all merits discovery in abeyance in both the Class Action and the Receiver Action until class certification issues have been resolved by the Court.[7]

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Thomas A. Culpepper
      THOMAS A. CULPEPPER
      State Bar No.  05215650
      STEPHEN C. RICHMAN
      State Bar No. 24074952

700 N. Pearl Street – 25th Floor
Dallas, Texas 75201-2832
Telephone:    214.871.8200
Facsimile:    214.871.8209
Email:       tculpepper@thompsoncoe.com
Email:       srichman@thompsoncoe.com

**COUNSEL FOR DEFENDANT**
**BREAZEALE, SACHSE & WILSON, LLP**

and

---

[7] Defendants adopt the arguments made by co-defendants in their respective opposition briefs to the extent relevant and applicable.

1996006v5
02986-479

By:  /s/ Carrie Johnson Phaneuf
     WILLIAM D. COBB, JR.
     Texas Bar No. 04444150
     CARRIE JOHNSON PHANEUF
     Texas Bar No. 24003790

COBB MARTINEZ WOODWARD PLLC

1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
Telephone:     214.220.5206
Facsimile:      214.220.5256
Email:           wcobb@cobbmartinez.com
Email:           cphaneuf@cobbmartinez.com

and

By:  /s/ Bruce A. McKenna
     BRUCE A. MCKENNA
     Admitted *Pro Hac Vice*

MCKENNA & PRESCOTT, PLLC

5801 E. 41st Street, Suite 501
Tulsa, Oklahoma 74135
Telephone:     918.935.2085
Facsimile:      918.935.2086
Email:           bmckenna@mpoklaw.com

**COUNSEL FOR DEFENDANT
CLAUDE F. REYNAUD, JR.**

### CERTIFICATE OF SERVICE

On April 10, 2014, I electronically submitted the foregoing document with the Clerk of the Court of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the Court.  I hereby certify that I will serve all parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

/s/ Thomas A. Culpepper
Thomas A. Culpepper
Stephen C. Richman